IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY L. DAVIS,     )
    Petitioner,     )    Civil Action No. 09-08 Erie
                    )
v.                    )
                    )    Magistrate Judge Susan Paradise Baxter
MR. BARONE, et al.,   )
    Respondents.    )

## OPINION AND ORDER[1]

Before the Court is Jeffrey L. Davis's Petition For Writ Of Habeas Corpus [ECF No. 4; see also Memorandum of Law, ECF No. 16], which he filed pursuant to 28 U.S.C. § 2254 when he was an inmate incarcerated at the State Correctional Institution Forest, located in Marienville, Pennsylvania.

### I.

**A.** **Background**[2]

In May of 2007, the Commonwealth charged Davis with the following four crimes: Forgery; Theft by Deception; Receiving Stolen Property; and, Identify Theft. (See CP Dkt. No. 2). The state court appointed Assistant Public Defender Michael A. DeJohn, Esq., to represent him. On June 7, 2007, Davis pleaded guilty to Forgery, which was graded as a felony of the third degree. In exchange, the prosecution nolle prossed the remaining counts. (Plea Hr'g Tr. at 7-10). The court subsequently sentenced him to a term of incarceration of 17-60 months, which was within the aggravated range of the Pennsylvania Sentencing Guidelines. He also was ordered to pay restitution in the amount of $3,400.

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2]    Respondents have submitted the Common Pleas Court's file and the relevant transcripts. The documents contained in the file are indexed 1 through 34 and shall be cited to as "CP Dkt. No. __ ."

1

Davis, through Attorney DeJohn, filed a motion for reconsideration/modification of his sentence in which he challenged the restitution amount. (CP Dkt. No. 7). On August 2, 2007, the court amended its sentencing order to reflect that Davis had to pay restitution in the amount of $825.00. (CP Dkt. No. 10).

Approximately four months later, in December of 2007, Davis filed a *pro se* motion for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. (CP Dkt. No. 13). He claimed that Attorney DeJohn had been ineffective for: lying to him and providing him with faulty legal advice; failing to obtain discovery; failing to offer evidence; failing to proceed to trial; and failing to dismiss or quash indictment. (Id. at 3). The PCRA Court appointed William J. Hathaway, Esq., to represent Davis. Attorney Hathaway subsequently filed a motion to withdraw as counsel and a "no merit" letter in which he explained that in his professional judgment Davis had not stated a colorable claim for post-conviction relief. (CP Dkt. No. 17). The PCRA Court granted Hathaway's request to withdraw and also granted Davis an extension of time to file an amended PCRA petition. (CP Dkt. No. 19).

Next, Davis filed a request to have his sentence reduced, which the PCRA Court treated as an amended PCRA petition. (CP Dkt. No. 20). On March 14, 2008, the PCRA Court denied Petitioner's request for post-conviction relief. (CP Dkt. No. 21). Davis then filed a *pro se* appeal with the Superior Court of Pennsylvania. He raised the following four claims in the appeal:

1. "If there was no evidence that there was ever any loans taken out why did the attorney not ask for a dismissal of the case why keep going when it is clear to see that the Appellant did nothing wrong?"

2. "Why was the defendant sentenced in the aggravated range? When the fact that the Appellant was on state parole had nothing to do with the said case. The Appellant's record would not have put him in the aggravated range."

3. "Why wasn't the victim questioned by my attorney to determine if there was any evidence at all?"

4. "Why wasn't my evidence ever heard by the judge?"

(CP Dkt. No. 31, Commonwealth v. Davis, No. 606 WDA 2008, slip op. at 4 (Pa.Super. Nov. 14, 2008) (quoting Appellant's Brief at 5)).

The Superior Court denied Davis's two ineffective assistance of counsel claims (appellate claims 1 and 3) for waiving them because he failed to address them in the body of his brief. (Id. at 5 (citing Commonwealth v. Jones, 815 A.2d 598, 604 n.3 (Pa. 2002)). The Superior Court construed appellate claims 2 and 4 as challenges to the discretionary aspects of his sentence. It denied them as waived because, *inter alia*, challenges to the discretionary aspects of a sentence are not cognizable in PCRA proceedings. (Id. at 6 (citing Commonwealth v. Wrecks, 934 A.2d 1287, 1289 (Pa.Super. 2007)).

In the instant petition for writ of habeas corpus, it appears that Davis is raising the allegations of ineffective assistance that he raised in the PCRA proceeding. (CP Dkt. No. 16 at 3-4). He also contends that the court erred in sentencing him in the aggravated range. (Id. at 1 (describing habeas claims 2 and 3)). Finally, he asserts that there was insufficient evidence to support his conviction. (Id. (describing federal habeas claim 1)). Respondents have filed their Answer [ECF No. 14] and the relevant state court records.

### B. Discussion

Davis's challenge to the length of his sentence is not cognizable under 28 U.S.C. § 2254. Under this statute, habeas relief is only available on the grounds that the petitioner is being held in state custody in violation of his rights under the U.S. Constitution. 28 U.S.C. § 2254(a). See, e.g., Estelle v.

3

McGuire, 502 U.S. 62, 67-68 (1991); Coleman v. Thompson, 501 U.S. 722, 730 (1991). Sentencing is generally considered a matter of state criminal procedure, which does not fall within the purview of federal habeas review. Estelle, 502 U.S. at 67 ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"). As such, a federal court will not review a state sentencing decision like that challenged here, which falls within the statutory limit, Williams v. Duckworth, 738 F.2d 828, 831 (7th Cir. 1984), as the severity of a sentence alone does not provide a basis for habeas relief. Smith v. Wainwright, 664 F.2d 1194 (11th Cir. 1981) (holding that a sentence imposed within the statutory limits cannot be attacked in a habeas proceeding).

As for Davis's claim that there was insufficient evidence, that claim is waived. The U.S. Supreme Court has strictly limited the circumstances under which a guilty plea may be attacked on collateral review:

> It is well settled that a voluntary and intelligent plea of guilt made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct appeal. Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal. Indeed, the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas.

Bousley v. United States, 523 U.S. 614, 621 (1998) (internal quotations and citations omitted). By knowingly pleading guilty, Davis waived his right to have a trial by a jury, to be presumed innocent until proven guilty, and to have the prosecutor prove his guilt beyond a reasonable doubt. Since a plea of guilty constitutes an admission of all facts necessary for conviction, Davis waived his right to contest the sufficiency of the evidence that might have been produced at trial. See, e.g., United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (a guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges). See also 1A Charles Alan Wright et al., FEDERAL

4

PRACTICE AND PROCEDURE § 172 (4th ed. 2010) (collecting cases for the proposition that a guilty plea waives claims that the government's evidence was insufficient to sustain a conviction).

In an attempt to get around the limitation his guilty plea has on his availability to receive relief on collateral review, Davis appears to be contending that his plea was not "intelligent" because his counsel, Attorney DeJohn, provided him with ineffective assistance. The Superior Court denied Davis's ineffective assistance claims because he failed to comply with state briefing rules. This Court cannot re-examine the state court's application of its own rules of appellate procedure. See Estelle, 502 U.S. 67-68. Further, the Superior Court's finding that the claims are waived under a state rule of appellate procedure constitutes a procedural bar to habeas review. See, e.g., Coleman, 501 U.S. at 729-32. Davis can only excuse the default of his claims by demonstrating cause and prejudice. Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 488, 494 (1986).[3] He has not met that burden. Id. Therefore, his ineffective assistance claims are procedurally defaulted in federal habeas and must be denied.

Even if this Court could consider Davis's ineffectiveness claims on the merits, they still would be denied. Under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), he first must show that DeJohn's representation fell below an objective standard of reasonableness. 466 U.S. at 688. The law presumes that DeJohn was effective. Id. at 689 ("a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"). Strickland also requires Davis to demonstrate that he was prejudiced by DeJohn's alleged deficient performance. This requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

---

[3] Another exception to the procedural default doctrine is the "miscarriage of justice" exception. It provides that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995). It only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Id. It is not applicable to this case.

As Respondents demonstrate, the record does not support a contention that DeJohn's representation fell below an objective standard of reasonableness. Davis was originally charged with four crimes: Forgery, Theft by Deception, Receiving Stolen Property, and Identity Theft. DeJohn negotiated a plea agreement which resulted in the *nolle prosequi* of all but the Forgery count. As to that count, the grading was reduced from a felony of the second degree to a felony of the third degree. DeJohn's efforts resulted in a significant reduction in the maximum amount of jail time that Davis was facing. The record also reflects that at the plea hearing Davis informed the court that he understood his rights, the penalties that he was facing, and the plea agreement. (Id.). Moreover, the prosecutor reviewed the criminal information with Davis and explained that the Forgery count included the allegation that "this was on three loan agreements for a total of $825 in fraudulent loans." (Id. at 9). In pleading guilty to the Forgery charge, Davis admitted that he had committed the acts alleged by the prosecutor. (Id.).

In sum, there is no merit to Davis's claims of ineffective assistance. He cannot avoid the consequences of having admitted under oath that he was guilty of Forgery by blaming his attorney, as there is no evidence that his plea was anything other than knowing, voluntary, and intelligent.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds

6

without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Applying those standards here, jurists of reason would not find it debatable whether Davis's petition should be denied. Accordingly, a certificate of appealability is denied.

## II.

For the forgoing reasons, the Petition For Writ Of Habeas Corpus is denied and a certificate of appealability is denied. An appropriate Order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: June 8, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY L. DAVIS, | ) | |
| Petitioner, | ) | Civil Action No. 09-08 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| MR. BARONE, et al., | ) | |
| Respondents. | ) | |

# ORDER

AND NOW, this 8th day of June, 2011;

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is DENIED and a certificate of appealability is DENIED. The Clerk of Courts is directed to close this case.

                                            /s/ Susan Paradise Baxter
                                            SUSAN PARADISE BAXTER
                                            United States Magistrate Judge